HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROXIE JONES,

    Plaintiff,

    v.

STEPHEN SINCLAIR, et al.,

    Defendants.

CASE NO. C14-1241RAJ

ORDER

This matter comes before the court on Defendants' motion (Dkt. # 29) for reconsideration of the court's May 18, 2015 order. A motion for reconsideration must demonstrate either "manifest error in the prior ruling" or "new facts or legal authority [that] could not have been brought to [the court's] attention earlier with reasonable diligence." Local Rules W.D. Wash. LCR 7(h)(1). Defendants' motion meets neither standard, and the court accordingly DENIES it. The court does, however, direct the clerk to issue an amended order that supersedes the May 18, 2015 order. The sole change in that order will be to replace the court's numerous citations of Department of Corrections Policy "405.100" with the correct citation to Policy "450.100."

Putting aside the citation correction, Defendants' motion asks the court to reconsider its decision to permit a single claim to proceed. That claim is Plaintiff's First Amendment challenge to what the court called the "Contraband Policy." Defendants claim that the court erred by allowing that claim to proceed because Plaintiff did not state that claim in his complaint. Even if that were true, the court would not reconsider its

ORDER – 1

order. Plaintiff's claim based on the Contraband Policy has unambiguously been part of this action since its inception, when Plaintiff asked the court for a temporary restraining order to prevent enforcement of the Contraband Policy and the court issued a temporary restraining order limiting application of the Contraband Policy to Plaintiff. As the court stated with specificity in the May 18 order, Plaintiff continued to challenge the Contraband Policy in the briefs he filed with Judge Theiler.

The court finds no merit in Defendants' assertion that the court ought not consider the claim challenging the Contraband Policy merely because it was not identified with specificity in Plaintiff's complaint. Defendants had plain notice of that claim from the day Plaintiff filed the lawsuit; demanding that the notice come from the complaint as opposed to a motion that accompanied the complaint is an exercise in legal formalism that benefits no one. That would be the case even if Plaintiff were not representing himself in the lawsuit. But Plaintiff is representing himself, and the court takes seriously its obligation to construe pro se pleadings liberally.

Putting aside Defendants' notice of the claim challenging the Contraband Policy, that claim also appears in Plaintiff's complaint. He challenged policies "affecting offender property and mail . . . ." Dkt. # 4, ¶ IV.5. As the court explained in the May 18 order, DOC Policy 450.100 applies to mail; the Contraband Policy is the policy at issue in this suit that covers property.

For the reasons stated above, the court DENIES the motion for reconsideration and directs the clerk to issue an amended order to replace the May 18, 2015 order.

Dated this 27th day of May, 2015.

*Richard A. Jones* (signature)

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 2