UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROXIE JONES,

                Plaintiff,

v.

STEPHEN SINCLAIR, et al.,

                Defendants.

CASE NO. C14-1241-RAJ-MAT

REPORT AND RECOMMENDATION

INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff Roxie Jones proceeds *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  The Court, for the reasons set forth below, now recommends that plaintiff's remaining claim and this matter be DISMISSED with prejudice.

The Court issued an order, as amended on May 27, 2015, dismissing all of plaintiff's claims except for a First Amendment free-speech challenge to a Washington State Department of Corrections (DOC) "Contraband Policy."  (Dkt. 31 at 9.)  As set forth in the Court's order, the Contraband Policy directs that any offender property found not in compliance with a revised policy regarding "sexually explicit materials" would be considered contraband and confiscated and must be removed before the policy's August 14, 2014 effective date, and that, up until that

REPORT AND RECOMMENDATION
PAGE - 1

date, offenders would be able to mail out such property at DOC expense to any address within the continental United States. (*Id*. at 2.) The matter was referred to the undersigned for additional pretrial proceedings as deemed necessary.

Upon review, the undersigned concluded that the Court lacked sufficient information relating to plaintiff's Contraband Policy claim. (*See* Dkt. 32.) For example and as stated in a prior order of the Court:

> Mr. Jones's evidence of injury resulting from the Contraband Policy . . . lacks many details. The court does not know when Defendants searched his cell, when they seized property, what property they seized, whether Defendants seized that property because it was "sexually explicit material," when the "hearing" that Mr. Jones referred to took place, whether it was a grievance hearing, whether there is any written record of a grievance or a hearing.

(Dkt. 31 at 8.)

On June 3, 2015, the Court issued an order directing plaintiff to file an amended complaint on or before July 6, 2015. (Dkt. 32.) The Court directed plaintiff to limit the amended complaint to the Contraband Policy claim and to provide the information necessary for the Court's consideration of that claim. The Court specifically directed plaintiff to identify and describe what he alleges has occurred to cause a violation of his constitutional rights, when such violations occurred, what harm resulted from those violations, who was involved in causing the violations, and how those individuals caused or personally participated in causing the harm alleged, as well as to provide necessary facts and details regarding exhaustion as related to his remaining claim. (*See id*. at 2-3.) The Court advised that, if no amended complaint was timely filed, or if plaintiff filed an amended complaint that failed to provide the information identified above, this matter may be subject to dismissal. (*Id*. at 4.)

Plaintiff did not respond to the order directing him to file an amended complaint regarding the Contraband Policy claim. However, on June 23, 2015, the Court received from plaintiff a Motion for Appointment of Counsel. (Dkt. 33.) In an order dated July 13, 2015, the Court found no basis for and denied the request for appointment of counsel. (Dkt. 34.) However, because it was not clear whether or not plaintiff perceived his motion to affect the July 6, 2015 deadline, the Court granted plaintiff an additional thirty days – until August 13, 2015 – to file an amended complaint. The Court stated that, if no amended complaint was timely filed, or if plaintiff filed an amended complaint that failed to provide the information identified in the Court's prior Order, this matter would be subject to dismissal. (*Id*. at 2.)

To date, the Court has not received an amended complaint from plaintiff. Plaintiff, as such, failed to provide the Court with sufficient information to allow for consideration of his remaining claim, failed to comply with orders of the Court, and has otherwise failed to pursue his claim. The undersigned, therefore, recommends plaintiff's remaining claim and this case be DISMISSED with prejudice for failure to state a claim, failure to comply with orders of the Court, and failure to prosecute. *See* 28 U.S.C. § 1915(e)(2) (court "shall" dismiss case at any time upon determining that plaintiff fails to state a claim on which relief may be granted); Fed. R. Civ. P. 41(b) (allowing for involuntary dismissal for failure to prosecute or failure to comply with federal rules or a court order); LCR 11(c) (allowing for "sanctions as the court may deem appropriate[]" where a party fails, without just cause, to comply with an order of the court); and *Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962) (court may dismiss for failure to prosecute *sua sponte*). A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report

REPORT AND RECOMMENDATION
PAGE - 3

and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **September 18, 2015**.

DATED this 27th day of August, 2015.

*(signature)*

Mary Alice Theiler
United States Magistrate Judge